## THOMAS CLARK v. JOHN SLIDELL.

The best evidence which the nature of the case admits of, must be produced. Loose admissions, or conversations of parties, cannot supply the absence of documentary evidence, when in existence. The documents themselves must be produced, unless their loss is satisfactorily proved, or their absence clearly accounted for, and then their contents must be established.

Parol evidence of the admissions of a party, tending to contradict positive written evidence, such as the enrolment of a steamer, is inadmissible.

Extra-judicial admissions of parties, particularly those made in loose conversations, are the worst species of evidence, and entitled to little weight, unless it be impossible to procure any other.

APPEAL from the District Court of the First District, *Buchanan*, J.

*Carter*, for the appellant.

*T. Slidell*, for the defendant.

SIMON, J.  The plaintiff is appellant from a judgment rejecting a claim by him set up against the defendant, for the sum of five hundred dollars, which, he alleges in his petition, was collected by the defendant as an attorney at law, out of various claims which were placed in his hands for collection, but which the defendant refuses to pay, alleging that he has claims for that sum against plaintiff, growing out of the building, and equipping of a steamboat called the Brilliant.

The issue presented by the defendant's answer is, that in 1837, he entrusted to the plaintiff the sum of $500, to be by him expended in the construction of a steamboat to be called "*The Brilliant*;" in which the defendant's interest was to be in the proportion of $500, to the whole sum which the plaintiff estimated would be necessary for the completion of said boat; that this sum was stated, in a subscription paper, circulated by the plaintiff, and in his custody; that the defendant would not have subscribed for the building of said boat, unless the whole sum necessary for its completion should be furnished by the plaintiff, or his associates; that the plaintiff failed entirely in his obligations, and that he is bound to account to the defendant for the

said sum, which he pleads in compensation of the plaintiff's demand.

The facts disclosed by the evidence are these : The plaintiff had in his hands the sum of $500, belonging to the defendant, which was the amount of said defendant's subscription to the building of a steamboat, which the plaintiff undertook, and was charged to build. This boat cost over $30,000, and was brought down in 1837, to run to Bayou Sara, as a packet. The whole amount due for building her was not paid by the plaintiff, and in the latter part of 1837, a suit was brought against him for a large sum of money due to, and advanced by his agents for the building of said boat. Judgment was rendered against him for upwards of $20,000, as a privileged claim on the steamboat Brilliant. The boat had been enrolled in the name of the plaintiff, who thereby appeared to be the sole owner thereof. The amount of the subscription is not shown ; but a witness says, it was about $25,000, which was subscribed by several persons. The plaintiff thought proper not to produce the list, or to account for its absence, although he is shown to have had it in his possession. Some time in 1839, the defendant accounted to the plaintiff for collections which he had made for him, and retained in his hands a sum of $500, which is stated in the receipt to be the amount delivered by the defendant for the purpose of building a steamboat, and which the defendant claimed to offset against the moneys in his hands.

On the trial of this cause, in the court below, the plaintiff attempted to examine a witness for the purpose of showing, that the defendant,. who was his attorney in the suit brought by Kellogg & Co., against him, informed the witness, that he (defendant) and others were at that time stockholders in the steamboat Brilliant ; that they were anxious to get rid, by a sale of the boat, of other stockholders who had not paid up their subscription ; and that the defendant and others were anxious to purchase her in at said sale, and questions were made to the witness to that effect. The witness was also asked if, as attorney for the plaintiffs, he, said witness, did not consent to the proposition, and if the defendant, and others did not purchase the boat at the sale ? All these questions

were objected to, and the court having refused to allow the witness to answer them, the plaintiff took his bill of exceptions.

The District Judge did not err. The evidence sought to be introduced, was not the best proof of the facts intended to be shown. The plaintiff should have produced the subscription list to establish, that the defendant was a stockholder, and to show the terms of the subscription; as he should have also produced the sale of the boat to prove, that it was purchased by the defendant and others. Loose admissions, or conversations of parties cannot supply the absence of documentary evidence, when it exists; the documents themselves should be produced, unless their loss is satisfactorily proved, or their absence clearly accounted for, and then their contents should be established. The admissions sought to be proved by the witness, went also to contradict the positive written evidence, that the plaintiff was the sole owner of the boat, which was enrolled in his name, and this cannot be permitted. Extra-judicial admissions of parties, particularly those made in loose conversations, are regarded as the worst kind of evidence, and should be entitled to very little weight, unless it be impossible to procure any other. When other and better evidence exists, they should not be admitted.

On the merits, we concur with the Judge, a quo, in the opinion, that it was the duty of the plaintiff to show, that he appropriated the money deposited with him by the defendant, to the purposes for which the deposit was made. If he acted as the defendant's agent, he ought to have shown the use of the money in the manner contemplated by the contract. It is not enough to say, that the boat was built, and that the defendant was a stockholder. It ought to be shown, that the amount of the subscription was really invested in the payment of the cost of the steamboat; and, if the amount subscribed for was not sufficient, it was easy to establish, that the debt for which the suit was brought against the boat, was contracted to supply the deficiency in the funds necessary for the completion of the boat. This the plaintiff has not only failed, but has not even attempted to do. Again, he should have produced the subscription list, as he has not shown, that it was not in his power to do so, and he should have also shown the amount of the cost of the boat. He has no right to keep the de-

fendant's money, unless he proves, that it was appropriated in the manner, and for the purposes contemplated by the persons, who entrusted the amount of the subscription to his agency.

*Judgment affirmed.*